FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 02 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ARMOND MCCLOUD,

                               Plaintiff,

-against-

MIMI C. MAIRS, *Special Counsel of the Office of the Chief Medical Examiner in her official and individual capacity*, USHIR PANDIT, *Assistant District Attorney of Queens County in her official and individual capacity*, KYRA MCKAY, *Assistant Director of the Chief Medical Examiner in her official and individual capacity*,

                               Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-2556 (SLT)(LB)

**TOWNES, United States District Judge:**

*Pro se* Plaintiff Armond McCloud filed his amended complaint on January 9, 2013, alleging claims pursuant to 42 U.S.C. § 1983, among other things. On May 30, 2014, Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief may be granted. This Court referred Defendants' motion to Magistrate Judge Lois Bloom for a report and recommendation on August 25, 2014. On October 24, 2014, Judge Bloom issued a Report and Recommendation ("R&R") recommending that this Court grant Defendants' motion to dismiss, decline to reach any state-law claims, and dismiss the state-law claims without prejudice. McCloud filed objections to the R&R on March 26, 2015. For the reasons set forth below, McCloud's objections are overruled and the R&R is adopted in its entirety.

## BACKGROUND

In 1996, a jury convicted McCloud of two counts of murder in the second degree in connection with the 1994 murder of Kei Sunada. The Appellate Division, Second Department,

affirmed McCloud's conviction, and the New York Court of Appeals denied leave to appeal. McCloud thereafter filed motions and petitions collaterally attacking his conviction, including two motions seeking to vacate his conviction and for DNA testing pursuant to New York Criminal Procedure Law sections 440.10 and 440.30.

McCloud filed a motion in April 2010 alleging newly discovered evidence consisting of a June 17, 2009 report from the Office of the Chief Medical Examiner of Queen's County ("OCME") finding that blood discovered under the victim's fingernails yielded sufficient DNA for testing. *See People v. McCloud*, 36 Misc. 3d 1226(A), 2012 WL 3264378, (N.Y. Sup. Ct. Aug. 10, 2012). The New York State Supreme Court denied the motion in August 2010, finding that the OCME's analysis did not constitute newly discovered evidence because, even if admitted at trial, it would not have resulted in a more favorable verdict. *Id.* at *2. The court based this decision on the following factors: first, the lack of evidence at trial showing any contact between the victim's fingernails and McCloud's body; and second, the OCME report's finding that "no conclusions could be drawn regarding the source of DNA alleles" from the blood discovered under the victim's fingernails, other than those attributed to the victim himself. *Id.* at *1–2.

McCloud subsequently filed requests with the OCME under New York's Freedom of Information Law. One request asked whether it was possible that the unidentified DNA alleles could "yield a consist [*sic*] profile to someone other than the victim." (*See* Am. Compl. Ex. D, ECF No. 21.) OCME Records Access Officer Mimi Mairs replied to McCloud in February 2012, stating that the sample was "suitable for direct comparison." (*Id.*) In June 2012, Assistant District Attorney Ushir Pandit asked OCME Assistant Director Kyra McKay to review the original laboratory report. McKay repudiated Mairs's February 2012 response as inaccurate shortly after Mairs herself recanted.

McCloud filed his original complaint in this action in May 2012 against Richard Brown, the Queens County District Attorney. McCloud filed an amended complaint on January 9, 2013, substituting as defendants Mimi Mairs, Ushir Pandit, and Kyra McKay. McCloud alleges that Mairs "acted with malice and incompetence when she stepped outside her scope of duties to misreport evidence . . . [in] violat[ion of] clearly established constitutional law" and New York State law. (Am. Compl. ¶¶ 40, 43, 48, ECF No. 21.) Alternatively, McCloud alleges that if Mairs correctly deemed the DNA suitable for comparison testing, that Pandit "urge[d] and compel[led McKay] to make a false statement." (*Id.* ¶¶ 56, 64.) McCloud seeks damages for violations of "constitutional and statutory rights" and costs. (*Id.* ¶¶ 83–86.) He also demands that OCME provide the sample to an independent laboratory for comparison testing with a DNA sample he will provide. (*Id.* ¶¶ 61, 74, 76–78.)

On May 30, 2014, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief may be granted. (ECF No. 66.) Defendants argued, among other things, that the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel bar Plaintiff's claims. (*See* ECF No. 67.) This Court referred Defendants' motion to Judge Bloom for a report and recommendation, which Judge Bloom issued on October 24, 2014. (ECF No. 76.) The R&R recommends that this Court grant the motion on the basis that the New York State Supreme Court's August 2010 decision precludes Plaintiff's claims for damages and DNA testing based on the alleged conspiracy. (R&R at 12.) The R&R further recommends that this Court dismiss McCloud's negligence claim for failure to state a claim, because such claims of mere negligence are not cognizable under federal law. (*Id.* at 14.) Lastly, the R&R recommends that this court

decline to exercise supplemental jurisdiction over any state-law claims and dismiss such claims without prejudice. (*Id.*)

McCloud, after receiving multiple extensions of time, filed objections to Judge Bloom's R&R on March 26, 2015. (ECF No. 85.) Defendants filed an opposition on April 9, 2015. (ECF No. 87.)

## STANDARD OF REVIEW

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). After completing this review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Objections to a report and recommendation must "be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). Thus, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06 Civ. 5450(LTS)(DFE), 07 Civ. 3436(LTS)(DFE), 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (citations omitted).

Because McCloud proceeds *pro se*, this Court must read his pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation and internal quotation marks omitted).

## DISCUSSION

McCloud objects only to the portion of the R&R recommending dismissal of his negligence claim on the basis that "'merely negligent conduct causing unintended loss or injury to life, liberty or property is not sufficient to state a claim under the Due Process Clause or any other provision of federal law.'" (R&R at 14 (quoting *Mallgren v. New York City*, No. 13-CV-0724 (MKB), 2013 WL 816236, at *3 (E.D.N.Y. Mar. 4, 2013).) Specifically, he characterizes his negligence claim as asserting "gross negligent conduct [which] creates a strong presumption of deliberate indifference which is a cause of action via § 1983."[1] (ECF No. 85 at 2.) The amended complaint, however, does not support this characterization. Rather, as Judge Bloom found, the amended complaint at most pleads a non-cognizable claim of simple negligence. The Court therefore overrules McCloud's objections and adopts Judge Bloom's R&R in its entirety.

## CONCLUSION

For the reasons stated above, Judge Bloom's Report and Recommendation (ECF No. 76) dated October 24, 2014, recommending that Defendants' motion to dismiss (ECF No. 66) should be granted and that this Court decline to reach any state-law claims and dismiss Plaintiff's state-law claims without prejudice, is adopted in its entirety.

---

[1] McCloud also attaches a 2013 report from the State of New York Office of the Inspector General titled "Investigation into the New York City Office of Chief Medical Examiner: Department of Forensic Biology." (*See* ECF No. 85-1.) Because this report constitutes a matter outside the pleadings, the Court has excluded it from its consideration of this motion. *See* Fed. R. Civ. P. 12(d).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
/SANDRA L. TOWNES
United States District Judge

Dated: May 29, 2015
Brooklyn, New York